**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOUNANG PATEL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:17-cv-02570 |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS, LLC, d/b/a XFINITY, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Mounang Patel, individually and on behalf of all others similarly situated, through his undersigned counsel, alleges for his Class Action Complaint against Defendants, Comcast Corporation and Comcast Cable Communications, LLC, based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his counsel as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendants' practice of obtaining the credit reports of consumers seeking to subscribe to Xfinity's internet and cable television services without such customers' knowledge or consent.

2. Because of the concern consumers have regarding the negative impact frequent credit inquiries can have on their credit scores, Xfinity provides such consumers with the option of paying a deposit in lieu of performing a credit check when signing up for new service.

3. Consumers such as Plaintiff paid a deposit to avoid the negative implications of a credit check. Notwithstanding Xfinity's representations and omissions to the contrary, Xfinity obtained the credit reports of Plaintiff and members of the putative class without their knowledge or consent, adversely impacting their credit scores.

4. The above-described practices, alleged in further detail below, give rise to Plaintiff's and the putative class' claims for violation of the Fair Credit Report Act, 15 U.S.C. § 1681 *et seq.* (Count I), breach of contract (Count II), promissory estoppel (Count III) and unjust enrichment (Count IV).

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under, *inter alia*, the laws of the United States.

6. Personal jurisdiction over Defendants is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(4), and (c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this district.

**PARTIES**

8. Plaintiff, Mounang Patel ("Plaintiff" or "Mr. Patel"), is a natural person domiciled in Hoffman Estates, Illinois. Plaintiff is a member of the putative class defined herein.

9. Defendant Comcast Corporation ("Comcast Corp.") is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in

Philadelphia, Pennsylvania. Comcast Corp. is a global media and technology company with two primary businesses, defendant Comcast Cable and NBCUniversal, LLC, a non-party.

10. Defendant Comcast Cable Communications, LLC ("Comcast Cable") is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Philadelphia, Pennsylvania. The members of Comcast Cable are unknown to Plaintiff. Comcast Cable is one of the nation's largest providers of video, high-speed Internet and voice services to residential customers under the XFINITY brand. Comcast Cable is a wholly-owned subsidiary of Comcast Corp.

## BACKGROUND

11. Comcast Cable generates revenue primarily from subscriptions to its video, high-speed Internet and voice services ("cable services") and from the sale of advertising. Customers are typically billed in advance on a monthly basis based on the services and features they receive and the type of equipment they use. Comcast Cable manages credit risk by screening applicants through the use of internal customer information, identification verification tools and credit bureau data. If a customer's account is delinquent, Comcast Cable uses various measures to collect outstanding amounts, including termination of the customer's cable services.

12. A credit check and/or deposit is required for new customers (and customers with less than six (6) months of payment history) who lease more valuable Comcast equipment or request Comcast Digital Voice services with a new phone number. If a customer selects a credit check, he or she may also be asked to pay a partial deposit.

13. Customers' Social Security numbers are used by Comcast Cable to perform the credit checks, which impacts their credit scores. The credit check determines if a deposit will be needed.

14. Customers may bypass the credit check, however, if they pay the full deposit. The full amount of any deposit is credited to the customer's account balance after twelve months, as long as the account has been in good standing for the previous six months.

15. Deposits are paid by charging the amount to the customer's credit card, to which Comcast Cable also charges personal debt or household debt that the customer may owe upon the ordering of his or her service. All one-time fees and monthly service charges are subsequently included on the customer's first monthly bill.

16. Despite promising customers they can avoid a credit check—and the potential adverse effects on their credit rating—Comcast Cable routinely obtains their credit reports from one or all of the three major credit reporting bureaus *and* collects the security deposit from the customer paid to obviate the need for such checks.

17. As alleged herein, Comcast Cable's credit checks adversely impacted the credit scores of Plaintiff and the Class thereby increasing the cost of credit extended to them and/or resulting in the denial of credit.

## FACTS RELATING TO PLAINTIFF

18. On March 19, 2017, Plaintiff contacted Comcast Cable to inquire about its residential high-speed Internet service in anticipation of his planned move to a new residence he was in the process of purchasing.

19. Aware of the fact that Plaintiff was about to close on the purchase of a new home and the negative implications a credit check may have on his relationship with his mortgage lender, Comcast Cable suggested to Plaintiff that he not submit to a credit check but rather pay a $100 deposit.

20. Plaintiff was further informed that neither a credit check nor a deposit would be required if he was an Xfinity customer within the past six months. Stating that he was an Xfinity subscriber in the past but that he was unsure when he terminated his services, Plaintiff agreed to provide the last four digits of his social security number two determine his status as a current customer.

21. Upon being informed that his service was terminated before the six-month window, Plaintiff agreed to pay the $100-dollar security deposit and avoid the credit check as Comcast Cable suggested.

22. On March 21, 2017, Plaintiff was alerted by a credit monitoring service he subscribes to that Comcast Cable had indeed ran a credit check on March 19, 2017, despite its promise not to do so and Plaintiff's payment of the $100 security deposit.

23. The above-described credit check performed by Comcast Cable resulted in the lowering of Plaintiff's credit score, thereby increasing the cost of credit extended to him, and has otherwise had an adverse effect on his ability to close on his mortgage loan, among other consequences.

**CLASS ACTION ALLEGATIONS**

24. This action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), as set forth below.

25. *Class Definition.* Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All natural persons domiciled in the United States or its territories who, on or after January 14, 2015, paid Comcast Cable a security or other deposit in lieu of a credit check when subscribing to Xfinity video, high-speed Internet and/or voice services and whose credit reports Comcast Cable nonetheless obtained.

Excluded from the Class are Defendants and any of their respective officers, directors or employees, the presiding judge, Class counsel and members of their immediate families, and persons or entities who timely and properly exclude themselves from the Class.

26. *Numerosity.* The members of the Class are so numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable. Plaintiff believes that there are thousands of persons in the Class. The exact number and identity of Class members is unknown to Plaintiff at this time and can only be ascertained from information and records in the possession, custody or control of Defendants.

27. *Commonality.* There are questions of law or fact common to the Class including, *inter alia*, the following:

    a.    whether Comcast Cable engaged in a pattern and practice of obtaining consumer reports of its potential customers from whom it also collected cash deposits;

    b.    whether Comcast Cable's acts and omissions alleged herein violate 15 U.S.C. §§ 1681q and whether such is a per se violation of 15 U.S.C. §§ 1681n and 1681o;

    c.    whether Comcast Cable's collection of cash deposits from Plaintiff and the Class in lieu of a credit check constitutes a valid and enforceable contract and whether Comcast Cable breached the terms thereof;

    d.    whether Comcast Cable promised Plaintiff and the Class not to obtain their credit reports if they paid cash deposits and whether it was reasonable for Plaintiff and the Class to have done so;

    e.    whether Plaintiff and the Class conferred a benefit on Comcast Cable when they paid cash deposits and whether it would be unjust for it to retain such benefits under the circumstances alleged herein;

  f. whether the Court has subject matter jurisdiction and whether venue in this district is proper;

  g. whether Plaintiff and the members of the Class are entitled to their damages and the appropriate measure thereof; and

  h. whether equitable or injunctive relief is appropriate.

28. *Typicality.* The claims of Plaintiff are typical of the claims of the Class alleged herein. Plaintiff and other members of the Class are all persons who paid Comcast Cable a security or other deposit in lieu of a credit check when subscribing to Xfinity video, high-speed Internet and/or voice services and whose credit reports Comcast Cable nonetheless obtained.

29. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

30. *Fed. R. Civ. P. 23(b)(2) Requirements.* The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendant has acted or has refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

31. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

32. Defendant's uniform common course of conduct make declaratory relief with respect to the Class as a whole appropriate.

33. *Fed. R. Civ. P. 23(b)(3) Requirements.* This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over

questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

34. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

35. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## COUNT I

**(Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)**

36. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34, *supra*, as though fully stated herein.

37. At all times material hereto, there was in full force and effect an act commonly known as the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

38. Comcast Cable is a person within the meaning of Section 1681a(b) insofar as it is corporation or other entity. 15 U.S.C. § 1681a(b).

39. Plaintiff and the Class are consumers within the meaning of Section 1681a(c) of the FCRA insofar as they are individuals. 15 U.S.C. § 1681a(c).

40. The credit reports Comcast Cable obtained regarding Plaintiff and the Class are consumer reports within the meaning of Section 1681a(d) of the FCRA insofar as they are written or other communication of information by a consumer reporting agency bearing on Plaintiff's and the Class' creditworthiness, credit standing or credit capacity used for the purpose of establishing

their eligibility for credit. 15 U.S.C. § 1681a(d)(1)(A). Nor are the credit reports described herein of the type excluded by Section 1681a(d)(2). 15 U.S.C. § 1681a(d)(2).

41. The agency or agencies from which Comcast Cable obtained the credit reports of Plaintiff and the Class are consumer reporting agencies within Section 1681a(f) of the FCRA insofar as they regularly engage in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. 15 U.S.C. § 1681a(f).

42. The acts, practices and omissions of Comcast Cable alleged herein violate Section 1681q of the FCRA, which prohibits any person from knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses. 15 U.S.C. § 1681q.

43. Comcast Cable's violation of Section 1681q alleged herein is a per se violation of Sections 1681n and 1681o of the FCRA. See 15 U.S.C. §§ 1681n and 1681o.

44. As a result of the foregoing, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

## COUNT II

**(Breach of Contract)**

45. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34, *supra*, as though fully stated herein.

46. At all times material hereto, as alleged in further detail *supra*, there existed a contract under terms of which Comcast Cable agreed to accept payment of a cash deposit by Plaintiff and the Class in lieu of obtaining their credit reports.

47. Plaintiff and the Class performed their duties under the aforesaid contract by paying the cash deposit requested by Comcast Cable in full.

48. Notwithstanding the foregoing, Comcast Cable requested the credit reports of Plaintiffs and the Class.

49. As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## COUNT III

### (Promissory Estoppel)

50. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34, *supra*, as though fully stated herein.

51. As alleged herein, Comcast Cable promised Plaintiff and the Class that it would not perform a credit check if they paid cash deposits, which Comcast Cable should have reasonably expected would induce Plaintiff and the Class to do so.

52. In reliance on the foregoing promise of Comcast Cable, Plaintiff and the Class actually paid the cash deposits requested by Comcast Cable.

53. Injustice to Plaintiff and the Class can only be avoided by enforcing the promise of Comcast Cable by, *inter alia*, requiring the return of the deposits paid by Plaintiff and the Class.

54. As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## COUNT IV

### (Unjust Enrichment)

55. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34, *supra*, as though fully stated herein.

56. Plaintiff and the Class conferred a benefit on Comcast Cable by paying it cash deposits thereby reducing the credit risk posed by their accounts if any without the need for a credit check.

57. Comcast Cable appreciated the benefits of such payments in the form of reduced credit risk of providing cable services to Plaintiff and the Class.

58. Comcast Cable's acceptance and retention of the aforesaid benefits under the circumstances alleged herein would be inequitable absent the repayment of such amounts to Plaintiffs and the Class.

59. As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, prays for judgment in their favor and against Defendants and for the following relief:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, certifying the Class defined herein and designating Plaintiff as representative of the Class and his undersigned counsel as Class counsel;

B. Awarding Plaintiff and the Class (1) their actual damages or damages of not less than $100 and not more than $1,000 per person for each violation, (2) such punitive damages as the Court may allow, and (3) the costs of this action together with reasonable attorneys' fees as determined by the Court;

C. Awarding Plaintiff and the Class all allowable pre- and post-judgment interest on the foregoing awarded damages;

D. Granting appropriate injunctive and declaratory relief; and

E. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: April 4, 2017

Respectfully submitted,

MOUNANG PATEL

By:   s/ William M. Sweetnam
William M. Sweetnam
SWEETNAM LLC
100 North La Salle Street, Suite 2200
Chicago, Illinois 60602
(312) 757-1888
wms@sweetnamllc.com

*Attorneys for Plaintiff and the Class*